**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

**In Re:** **Case No. 10-48380**

**JSM Enterprises, Inc.,**
**DBA MGM Wine & Spirits,**

**Debtor.**

**APPLICATION FOR AN ORDER AUTHORIZING EMPLOYMENT OF ATTORNEY FOR DEBTOR**

**Chapter 11 Case.**

---

1. JSM Enterprises, Inc., DBA MGM Wine & Spirits (hereinafter "Debtor"), the above-named Debtor acting as debtor-in-possession, hereby requests the United States Bankruptcy Court for the District of Minnesota appoint Steven B. Nosek, Attorney at Law, 2855 Anthony Lane South, Suite 201, St. Anthony, MN 55418, as attorney for the debtor-in-possession during the pendency of these Chapter 11 Bankruptcy proceedings.

2. The Debtor lacks the necessary skills and knowledge to formulate a Plan of Reorganization of its present debts, nor does it wish to proceed *pro se* during the pending bankruptcy proceedings without securing the advice of and representation by competent legal counsel.

3. The Debtor has chosen Steven B. Nosek because of his knowledge of the financial affairs and business operations of the Debtor's company and because of his proven competency in the field of bankruptcy.

4. The services rendered by Steven B. Nosek included pre-petition planning, analysis of the Debtor's financial situation, planned use of cash collateral, post-petition financing, and the rendering of advice and assistance to determine if Debtor should file a Petition for Relief under Title 11 of the **United States Code**, preparation and filing of a

Petition for Relief, Statement of Financial Affairs, and other documents required by this Court, representation of the Debtor at expected adversary proceedings, motions, meetings of creditors and formulation of a Plan of Reorganization of the Debtor's business.

5. Payments made to the Debtor's attorneys shall be made in accordance with an application for attorney's fees and statements to be filed with this Court pursuant to Rule 2016(d) and upon future Order of this Court.

6. The Debtor feels that Steven B. Nosek holds no interest which will be adverse to the Debtor or the Debtor's estate and are, therefore, "disinterested" within the meaning of and pursuant to Section 327 of the United States Bankruptcy Code.

7. Steven B. Nosek requests that fee applications be heard at 90 day intervals on the Court's regularly scheduled hearing dates.

8. Steven B. Nosek is also seeking payment of attorney's fees and costs under the pay down provisions which would allow counsel to issue monthly statements to Debtor and the Office of the U.S. Trustee and receive payment for up to 80% of billed attorney's fees and 100% of incurred costs, all prior to obtaining approval of the Court. Mr. Nosek has long been practicing before this Court and have sufficient resources to disgorge any funds improvidently paid to them if so ordered by the Court.

Dated: November 10, 2010.

**RESPECTFULLY SUBMITTED,**
**JSM ENTERPRISES, INC.**
**DBA MGM WINE & SPIRITS**

By: ______________________
John Morstad, Its President

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

**In Re:** **Case No. 10-48380**

**JSM Enterprises, Inc.,**
**DBA MGM Liquor Warehouse,**

**Debtor.**

**ATTORNEY'S AFFIDAVIT IN SUPPORT OF APPLICATION FOR EMPLOYMENT OF ATTORNEY FOR DEBTOR**

**Chapter 11 Case.**

---

**STATE OF MINNESOTA )**
**)ss.**
**COUNTY OF HENNEPIN )**

I, Steven B. Nosek, being first duly sworn upon oath, depose and states as follows:

1. I am an attorney at law, with a law office at 2855 Anthony Lane South, Suite 201, St. Anthony, MN 55418.

2. I am familiar with the business operations and financial affairs and financial conditions of the above-named Debtor.

3. It is the desire of the Debtor to have me represent the Debtor in its proceedings under Title 11 of the United States Code.

4. Due to my knowledge of the Debtor's business operations and financial affairs, the Debtor believes that I am best suited to represent the interest of the Debtor in these Bankruptcy proceedings.

5. As a result of the foregoing, I do not hold any interest that is adverse to the Debtor or the Debtor's Estate and I should, therefore, be considered a "disinterested party" within the meaning of and pursuant to Section 327 of the **United States Bankruptcy Code.**

6. To the best of my knowledge, I do not have any conflict of interest and I have no connection with the Debtor, creditors, or any other party in interest, their respective attorneys and accountants or the United States Trustee, with the exception of my representation of Debtor herein.

7. In conjunction with services to be rendered on behalf of the Debtor, I will be charging the Debtor the sum of $300.00 per hour.

8. All compensation to be paid to me shall be subject to Court approval through the submission of fee applications to be made as counsel for the Debtor, and that such fee applications shall include an itemized list of time expended, identify the person expending the time and services provided pursuant to Rule 2016.

9. I will be billing Debtor only for the legal services I actually perform in connection with this matter. I will maintain time and expense records which will be submitted to the Court for review and approval as permitted pursuant to Rule 2016(d).

10. I request that fee applications be heard at 90 day intervals on the Court's regularly scheduled hearing dates. This will assist the Court, Debtor, U.S. Trustee and other interested parties in determining if I am being compensated inappropriately.

11. I am also seeking payment of attorney's fees and costs under the pay down provision which would allow counsel to issue monthly statements to Debtor and the Office of the U.S. Trustee and receive payment for up to 80% of billed attorney's fees and 100% of incurred costs, all prior to obtaining approval of the Court. I have long been practicing before this Court and have sufficient resources to disgorge any funds improvidently paid to them if so ordered by the Court. The hearing of fee applications at 90 day intervals, as requested above in paragraph 8 will also minimize any potential disgorgement issues.

**FURTHER YOUR AFFIANT SAYETH NOT.**

Dated: November 10, 2010.

/e/ Steven B. Nosek

Steven B. Nosek

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

**In Re:** **BKY No.: 10-48380**
**Chapter 11**

**JSM Enterprises, Inc.**
**DBA MGM Liquor Warehouse,**

**Debtor.**

---

**CERTIFICATE OF SERVICE**

---

I hereby certify that on November 10, 2010, I caused a copy of the **Application for an Order Authorizing Employment of Attorney for Debtor; Affidavit in Support of Application for Employment of Attorney for Debtor; and proposed Order** to be filed electronically with the Clerk of Court through ECF, and that ECF will send an e-notice of the electronic filing to the following:

US Trustee: ustpregion12.mn.ecf@usdoj.gov, ecfbkup@comcast.net

I further certify that I caused a copy of the **Application for an Order Authorizing Employment of Attorney for Debtor; Affidavit in Support of Application for Employment of Attorney for Debtor; and proposed Order** to be faxed and mailed by US Mail to the following:

U.S. Trustee
1015 US Courthouse
300 South 4th Street
Minneapolis, MN 55415
Fax: 612-664-5516

Dated this 10th day of November, 2010.

/e/ Steven B. Nosek
Steven B. Nosek, #79960
2855 Anthony Lane South, Suite 201
St. Anthony, MN 55418
(612) 335-9171
ATTORNEY FOR DEBTOR

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

**In Re:** **Case No. 10-48380**

**JSM Enterprises, Inc.,**
**DBA MGM Liquor Warehouse,**

**Debtor.**

**ORDER APPROVING EMPLOYMENT OF ATTORNEY FOR DEBTOR**

**Chapter 11 Case.**

---

Based upon the Application filed by the debtor in possession on November 10, 2010 and pursuant to 11 U.S.C. §327(a);

**IT IS ORDERED:**

1. The employment by the debtor in possession of Steven B. Nosek, Attorney at Law, to represent the debtor in possession in carrying out its duties under Title 11 is approved.

2. Fee applications by Steven B. Nosek may be heard on 90-day intervals from commencement of the case.

3. The debtor is authorized to pay monthly invoices of Steven B. Nosek, Attorney at Law, under the procedures in Instruction No. 8(c) of the Instructions for Filing a Chapter 11 Case, adopted by this court effective January 27, 2003.

Dated:

________________________
Gregory F. Kishel
United States Bankruptcy Judge